**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4668**

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

     v.

MICHAEL GLOVER, a/k/a Michael G,

          Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.   (7:07-cr-00023-BO-5)

Submitted: January 27, 2011          Decided: February 25, 2011

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Glover pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute and possess with the intent to distribute more than five kilograms of cocaine and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (2006). The district court calculated Glover's Guidelines range under the U.S. Sentencing Guidelines Manual (2007) at 292 to 365 months' imprisonment and sentenced Glover to 292 months' imprisonment. On appeal, Glover's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether trial counsel rendered ineffective assistance by coercing Glover to plead guilty. Glover has filed a pro se supplemental brief in which he asserts that his sentence is procedurally unreasonable and trial counsel rendered ineffective assistance. The Government has moved to dismiss the appeal of Glover's sentence based on his waiver of appellate rights. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and

2

enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Glover knowingly and voluntarily waived the right to appeal his sentence. We therefore grant the Government's motion to dismiss and dismiss the appeal of Glover's sentence. Although Glover's appeal waiver insulates his sentence from appellate review, the waiver does not preclude our consideration of the remaining claims Glover's counsel and Glover raise on appeal or prohibit our review of Glover's conviction pursuant to Anders.

Turning, then, to the unwaived claims of ineffective assistance of counsel, these claims are more appropriately raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010), unless counsel's ineffectiveness conclusively appears on the record. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). After review of the record, we find no conclusive evidence that counsel rendered ineffective assistance, and we accordingly decline to consider these claims on direct appeal.

Further, in accordance with Anders, we have reviewed the remainder of the record in this case and have found no

3

meritorious issues for review. We therefore affirm Glover's conviction and dismiss the appeal of his sentence. This court requires that counsel inform Glover, in writing, of the right to petition the Supreme Court of the United States for further review. If Glover requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Glover.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

4